UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

YERAL OSMAR CORTORREAL SANTANA,

                        Plaintiff,

-v-

JEFFERSON SALTOS & FREDONIA EXPRESS CORP.,

                        Defendants.

25 Civ. 88 (PAE)

ORDER

---

PAUL A. ENGELMAYER, District Judge:

On January 3, 2025, defendants Jefferson Saltos and Fredonia Express Corp. filed a notice of removal in this case, asserting diversity of citizenship of the parties as the sole basis for federal jurisdiction. Dkt. 1 ¶¶ 2–3. Defendants' filings, however, do not clearly establish the requisite diversity. Defendants' notice of removal states that Saltos is a New Jersey resident, *id.* ¶ 3, but their answer denies any knowledge or information sufficient to form a belief as to Saltos's residency, Dkt. 4 ¶ 2. Plaintiff's complaint, in contrast, alleges that Saltos is a citizen of New York, Dkt. 1-1 ¶ 2, which, if true, given the plaintiff's New York citizenship, would destroy diversity.

To enable the Court to reliably determine whether there is diversity of citizenship, the removing defendants must submit to the Court, **by January 31, 2025**, a letter, filed on ECF, setting out the citizenship of all parties, the place of incorporation and principal place of business of any corporate entities, and the factual bases for these conclusions. *See* 28 U.S.C. § 1332(c); *Hertz Corp. v. Friend*, 559 U.S. 77, 80 (2010); *Curley v. Brignoli, Curley & Roberts Assocs.*, 915

F.2d 81, 83 (2d Cir. 1990) ("[S]ubject matter jurisdiction is an unwaivable *sine qua non* for the exercise of federal judicial power.").

SO ORDERED.

*Paul A. Engelmayer*
PAUL A. ENGELMAYER
United States District Judge

Dated: January 28, 2025
       New York, New York